IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JEFFREY SCHUEPPERT,                                     Civ. No. 09-1171-AA

        Plaintiff,                                OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.
_____

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR  97308
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Benjamin J. Groebner
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On December 30, 2005, plaintiff protectively filed his applications for DIB and SSI. Tr. 88-95. His applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 44-53, 56-61, 66. On May 18, 2009, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 19-39. On June 18, 2009, the ALJ issued a decision finding plaintiff able to perform his past relevant work and other work in the economy, thus finding plaintiff not disabled within the meaning of the Act. Tr. 11-18. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was thirty-one years old with a high-school education and past relevant work as a dishwasher, dock worker, cook's helper, dietary aide, and general

2 - OPINION AND ORDER

laborer.  Tr. 17, 111, 134.  Plaintiff alleges disability since January 10, 2002 due to bipolar disorder, substance abuse, impulse control, anxiety, and depression.  Tr. 15, 110.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less

than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 13; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had medical determinable impairments of bipolar disorder, personality disorder, and polysubstance abuse in remission, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14; 20 C.F.R. §§ 404.1520(c)(d), 416.920(c),(d).  Accordingly, the inquiry moved to step four.

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform unskilled work at all exertional levels, with no contact with the general public, occasional contact with co-workers, and no "concentrated exposures to hazards such as heights or moving machinery." Tr. 14.  Based on this assessment, the ALJ found that plaintiff retained the RFC to perform his past relevant work as a dishwasher.  Tr. 17; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Alternatively, at step five, the ALJ found that plaintiff was capable of performing other work that exists in the national

economy, including work as an industrial cleaner, motel cleaner, and laundry worker. Tr. 17; 20 C.F.R. §§ 404.1520(g), 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 18.

## DISCUSSION

Plaintiff first contends that the ALJ erred at step four by failing to include all of plaintiff's limitations in the RFC assessment and in the hypothetical provided to the vocational expert (VE). Specifically, plaintiff argues that the ALJ ignored plaintiff's limitations regarding "infrequently rushed tasks or routines," "supportive lay supervision," "minimal contact with [the] general public," "limited contact" with peers or coworkers, and a "nonhazardous" work setting. Tr. 430.

As plaintiff notes, the ALJ adopted the opinion of Peter LeBray, a non-examining psychologist, in determining plaintiff's RFC. Tr. 16. Dr. LeBray noted the above limitations in his functional capacity assessment, although "supportive lay supervision" was a recommendation rather than a requirement, and a "nonhazardous" work setting was "advised" based on plaintiff's risk of relapse rather than his functional capacities. Tr. 430.

With the exception of "infrequently rushed" tasks and "supportive" supervision, the ALJ incorporated the functional limitations noted by Dr. LeBray. Although the ALJ limited plaintiff to unskilled work with no public contact and only

5 - OPINION AND ORDER

occasional co-worker interaction, plaintiff quibbles with the ALJ's use of the word "occasional" and maintains he is required to have "limited" or "minimal" contact with co-workers. I find no real distinction between "occasional," "limited," and "minimal" as the terms were employed by Dr. LeBray and the ALJ.

Further, a nonhazardous setting was advised, not required, to lessen the risk of substance abuse relapse. Regardless, the ALJ found that plaintiff "should avoid concentrated exposure to hazards," tr. 14, and I find that the ALJ's RFC assessment is a reasonable interpretation of Dr. LeBray's comments. While the ALJ's RFC assessment did not include Dr. LeBray's comments regarding "rushed tasks or routines" or "supportive lay supervision," I find these omissions harmless. "Supportive lay supervision" was a suggestion rather than a functional limitation, and plaintiff fails to show that his past relevant work or other work identified by the VE and adopted by the ALJ require tasks to be performed in a "rushed" or hurried manner.

Next, plaintiff argues that the ALJ erred at steps four and five, because the jobs identified by the VE and relied upon by the ALJ exceed plaintiff's RFC. Relying on the descriptions contained in the *Dictionary of Occupational Titles* (DOT), plaintiff argues that his past relevant work as a dishwasher or "kitchen helper" requires duties inconsistent with his RFC, because they involve

6 - OPINION AND ORDER

"hazards" such as knives and certain machinery.[1] However, the DOT describes a kitchen helper as performing "any combination of the following duties" and does not necessarily require working in a hazardous setting. Further, the DOT description does not include hazards of the type included in the ALJ's RFC assessment. Moreover, plaintiff fails to establish that the duties of his past relevant work as a dishwasher, as he actually performed them, exceed the ALJ's determination of his RFC. Tr. 17; SSR 82-61.

Similarly, plaintiff argues that the other jobs identified at step five require duties that exceed the ALJ's RFC assessment, in that these jobs involve exposure to hazards (industrial cleaner, and laundry worker), public contact (motel cleaner), and ongoing interaction with co-workers (industrial cleaner and laundry worker). I disagree. As with the job of kitchen helper, none of the jobs identified by the VE and relied on by the ALJ <u>require</u> public contact, interaction with co-workers, or exposure to hazards that exceed plaintiff's limitations as found by the ALJ.

In sum, the ALJ appropriately relied on the testimony of the VE in finding plaintiff able to perform his past relevant work and other work in the national economy.

///

---

[1] Plaintiff also contends that the VE erroneously identified his past relevant work of dishwasher as a "kitchen helper." Given that the DOT description of kitchen helper includes dishwashing duties, I find no error.

7 - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this  11  day of August, 2010.


                      /s/ Ann Aiken
                        Ann Aiken
                United States District Judge